**PRICE BROTHERS COMPANY, Plaintiff-Appellee, v. WALTERS, Defendant, RABIN, Defendant-Appellant, RABINOWITZ, Appellant.**

No. 2124.   Decided August 29, 1951.

**OPINION**

By THE COURT:

Submitted on application for rehearing and motion for new trial.

The application and motion are made up of three grounds. The third is that the Court has not determined the second issue in the case, viz., whether Hyman Rabin, the present owner, is bound by the claimed lien of plaintiff.

Upon the pleading, Rabin would only be bound if his predecessor in title, Ella Rabinowitz, was bound. As we have held that there was no lien against the property of Ella Rabinowitz there could not be liability by Hyman Rabin apart from that.

The second ground is that the evidence discloses that when Mrs. Rabinowitz, the record owner, saw the building in the summer of 1948 she liked it.

It is doubtful if this is in accord with the testimony but, if it is, it does not prove a contract by which she would be bound.

The first ground of the motion is that a new trial should be granted because of newly discovered evidence. Appellants insist that because of stipulations filed when the cause was submitted to this Court, we should not consider any newly discovered evidence. We would not hold that the stipulations precluded the consideration of newly discovered evidence if it met the requirement of the statute.

Upon the affidavit submitted in support of the motion, we hold that the evidence proffered could not with reasonable diligence have been produced at the trial. However, the infirmity in the evidence set up in the affidavit of Maxwell H. Stamper is that the subject matter thereof is purely hearsay. It consists of statements which the affiant, Stamper, says Walters made to him concerning conversations between Walters and Kafes wherein Walters reported what Kafes had said he had learned from his mother, the owner, Ella Rabinowitz, and from Hyman Rabin, Kafes' brother-in-law.

Manifestly, the statements made by Stamper could not be accepted as testimony probative of any issue in the case.

The application for rehearing is not well made and the motion for new trial must be overruled because of insufficiency of the affidavit to support the claim of newly discovered evidence.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.